IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Carolyn Frances Covington, | ) | C/A No.: 3:19-3399-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| The Honorable Robert Wilkie, Andrea Boyd, Debra Layer, Ruth Mustard, and Linda Randel King, | ) | ORDER AND NOTICE |
| Defendants. | ) | |

Carolyn Frances Covington ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Secretary of the Department of Veterans Affairs Robert Wilkie and four employees of William Jennings Bryan Dorn Veterans Administration Medical Center ("Dorn VAMC"), Director of Nursing Education Andrea Boyd ("Boyd"), Nursing Professional Standards Board ("NPSB") Chair Debra Layer ("Layer"), Nursing Director Ruth Mustard ("Mustard"), and Community Living Centers Nurse Executive Linda Randle King ("King"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff indicates she was employed as a nurse educator at Dorn VAMC from March 20, 2016, to February 23, 2018. [ECF No. 1 at 4]. She claims she was not provided an adequate work pace and was forced to work in a hallway during her first two weeks of employment. *Id.* She alleges she filed two complaints with the EEOC based on "falsified proficiencies," not being able to participate in an interdisciplinary team meeting, receiving unfair orientation, being subjected to a hostile work environment, not being permitted to move her desk for her comfort, wrongful termination, bias associated with an NPSB hearing, and not being afforded opportunity for improvement. *Id.*

Plaintiff alleges she experienced severe stress, anxiety, sleeplessness, abdominal pain, and pain from neck, back, and leg injuries as a result of defendants' actions. *Id.* at 4–5. She claims she sustained a fall on January 3, 2018, as a result of the hostile work environment. *Id.* at 4.

Plaintiff states her case is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and Section 501 of the Rehabilitation Act of 1973 ("Section 501"). *Id.* at 3. She claims defendants discriminated against her based on age and race, created a hostile work environment, retaliated against her after she filed a complaint with the EEOC, and terminated her without explanation. *Id.* at 4, ECF No. 1-1 at 2, 3.

Plaintiff indicates she does not believe she will be able to engage in full time work because of defendants' actions. *Id.* at 5. She requests compensatory and punitive damages for physical, mental, and emotional pain and suffering in the amount of five million dollars. *Id.* at 4.

II. Discussion

   A.   Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v.*

*City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

Plaintiff alleges violations of Title VII, the ADEA, and Section 501 against the Secretary and four individual agency employees. Title VII and the ADEA do not permit recovery against individual defendants. *See Baird ex rel.*

4

*Baird v. Rose*, 193 F.3d 462, 472 (4th Cir. 1999) (stating "Title VII does not authorize a remedy against individuals for violations of its provisions"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511–14 (4th Cir. 1994) (holding "the ADEA limits civil liability to the employer," and indicating Congress did not intend to impose personal liability on an employer's agents). Section 501 "requires federal agencies to implement programs to facilitate the hiring, placement, and advancement of disabled individuals." *Dank v. Shinseki*, 374 Fed. App'x 396, 397 n.2 (citing 29 U.S.C. § 791). As it is directed at the actions of federal agencies, it also does not authorize a remedy against individuals for violations of its provisions. In light of the foregoing, Plaintiff's claims as to Boyd, Layer, Mustard, and King are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by **December 31, 2019**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to

cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

December 10, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge