IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Carolyn Frances Covington, | ) | C/A No.: 3:19-3399-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| The Honorable Robert Wilkie, | ) | |
| Defendant. | ) | |

Carolyn Frances Covington ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 2000e et seq., against the Secretary of the Department of Veterans Affairs, Robert Wilkie ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff filed a complaint on December 5, 2019, naming additional defendants and alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., ("Title VII"), the Age Discrimination in Employment Act, ("ADEA"), and Section 501 of the Rehabilitation Act of 1973, ("Section 501"). [ECF No. 1]. On December 5, 2019, the undersigned issued an order and

notice advising Plaintiff that her claims against the individual defendants were subject to summary dismissal, as Title VII and the ADEA do not permit recovery against individual defendants and Section 501 is directed at the actions of federal agencies. [ECF No. 8].

Plaintiff filed an amended complaint[1] alleging Defendant violated Title VII. [ECF No. 13 at 3]. Plaintiff claims she was not properly oriented to her job, federal documents were falsified, she was not permitted to address the Nursing Professional Standards Board ("NPSB"), she did not receive a copy of the NPSB's decision and rationale, and her employment was terminated without an opportunity for improvement or a meeting with the director. *Id.* at 6–7. She indicates she was unable to be comfortable in her work environment, as she "had to work from a left handed person position" and was unable to adjust her desk and chair for comfort. *Id.* at 7. She claims she sustained a fall after a coworker rearranged her books over her desk, making it more difficult for her to retrieve them. *Id.* Plaintiff maintains Dorn Veterans Administration Medical Center ("VAMC") is refusing to provide her medical treatment because they transferred her medical provider to assist younger female veterans and reassigned her to a provider that she had previously declined to see. *Id.* She

---

[1] The undersigned reminded Plaintiff in the order and notice that "an amended complaint replaces the original complaint and should be complete in itself." [ECF No. 8 at 5]. Despite the court's warning, Plaintiff included fewer details in the amended complaint. *Compare* ECF No. 1, *with* ECF No. 13.

claims she is receiving inadequate healthcare because she has brought cases against Dorn VAMC for discrimination and severe harassment. *Id.*

Plaintiff alleges she has experienced severe anxiety, depression, sleeplessness, and pain in her neck, abdomen, and leg as results of a fall injury, harassment, discrimination, and retaliation for EEOC activity. *Id.* at 6, 7. She indicates she does not anticipate she will be able to engage in full time work in the future. *Id.*

Plaintiff requests the court appoint an attorney to represent her and permit her to proceed in forma pauperis.[2] *Id.* She also requests $10 million in damages. *Id.* at 6. She requests punitive damages and compensatory damages for medications, medical care, attorney fees, expert witness fees, court costs, retirement, and pension. *Id.* at 7. She asks the court to provide her access to medical care outside Dorn VAMC and to direct Defendant to remove damaging information from her personnel file. *Id.* at 6, 7.

II. Discussion

    A. Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

---

[2] The court previously granted Plaintiff's motion to proceed in forma pauperis. *See* ECF No. 7.

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*,

901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

1.  Failure to State a Claim

In her amended complaint, Plaintiff alleges Defendant violated Title VII. [ECF No. 1 at 3]. Title VII creates a federal cause of action for employment discrimination and deems it unlawful for an employer "to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It further makes it unlawful for an employer "to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color, religion, sex, or national origin." 42

U.S.C. § 2000e-2(a)(2). It is also unlawful for an employer to discriminate against an employee for opposing any unlawful practice under Title VII or for having "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

Plaintiff makes a conclusory statement that Defendant violated Title VII, asserting every possible basis for discrimination. She alleges Defendant violated Title VII based on "discrimination due to race, age, color, religion, sex, national origin, reprisal for [Equal Employment Opportunity Commission ("EEOC")] activity, severe harassment, hostile work environment, abuse of power, wrongful termination, never receive[d] recommendation for termination from nursing board with complete report for why I was recommended to director to be terminated, I never receive[d] a report from my nursing board hearing report." [ECF No. 13 at 3]. She further challenges "[e]arly termination prior to ordered termination with loss of benefits, no opportunity to improve, late unfair orientation, violation of privacy records and medical care, [r]etaliation for EEOC activity, bias[ed] Nursing Professional Standard Board and board results." *Id.*

Plaintiff is not "require[d] to plead facts establishing a prima facie case [of discrimination]," *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002), but her "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th

Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). Plaintiff does not specifically allege Defendant was her employer or provide her dates of employment. *See* ECF No. 13 at 3. She does not allege she is a member of a protected class or that the alleged discrimination resulted from her membership in the protected class. *See id.* She alleges Defendant engaged in retaliation for her EEOC activity, but she provides no detail as to that activity and shows no causal connection between her EEOC activity and the alleged adverse employment actions. *See id.* Essentially, Plaintiff claims she received adverse employment consequences, including termination, but she does not allege facts that support a finding that the adverse employment consequences resulted from discrimination in violation of Title VII or retaliation related to Title VII proceedings.

Accordingly, Plaintiff's claim is subject to summary dismissal, because she has alleged insufficient facts "to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

2. Denial of Request for Appointment of Counsel

Plaintiff requests in her amended complaint that the court appoint counsel to represent her in this matter. [ECF No. 13 at 3]. She provides no evidence to suggest she is unable to competently litigate this matter on her own behalf.

7

There is no constitutional right to appointment of counsel in civil cases. While the court is granted the power to exercise its discretion to appoint counsel for an indigent party in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). Here, the issues do not appear complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present her case.

The undersigned acknowledges nonbinding precedent from United States Courts of Appeals for the Third and Seventh Circuits requiring courts considering motions pursuant to § 1915(e)(1) to evaluate a pro se plaintiff's competence to litigate the case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Although the Fourth Circuit has articulated no similar requirement, the undersigned notes Plaintiff's representation that she holds a doctoral degree. [ECF No. 13 at 2].

Her advanced education renders her competent to litigate her own case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, she may be able to cure deficiencies in her complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file a second and final amended complaint by **February 21, 2020**, along with any appropriate service documents. **Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself.** *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files a second amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file a second amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

January 31, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge