IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn Frances Covington,<br><br>       Plaintiff,<br><br>vs.<br><br>The Honorable Robert Wilkie, Secretary of Veteran Affairs, also known as Robert Wilkie,<br><br>       Defendant. | C/A No. 3:19-cv-3399-JFA-SVH<br><br><br>**ORDER** |

## I. INTRODUCTION

In this employment discrimination case, pro se plaintiff Carolyn Frances Covington ("Plaintiff") sues her former employer, the William Jennings Bryan Dorn Department of Veteran Affairs ("Defendant"), asserting claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act").

All pretrial proceedings in this case, including the instant motion to dismiss (ECF No. 31), were referred to a Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this court should grant Defendant's motion to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.SC. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is

dismiss in part and deny in part. (ECF No. 42). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Defendant timely filed objections to the Report. (ECF No. 47). Plaintiff failed to timely file any objections to the Report.[2] Thus, this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions

---

charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

[2] In response to some of Plaintiff's later filings in this action, the Magistrate Judge noted that "[t]o the extent Plaintiff's motion to amend [ECF No. 55, see also ECF No. 50] is in fact Plaintiff's objections to the R&R submitted for the district judge's consideration, it is in the district judge's discretion to consider Plaintiff's filings in such a light or to decline to consider them as untimely." As suggested by the Magistrate Judge, these submissions are untimely and will not be considered as objections to the Report.

of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion to dismiss is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.    OBJECTIONS

As an initial matter, Defendant does not object to the Magistrate Judge's recommendation that Plaintiff's claims for hostile work environment, discrimination under Title VII and the Rehabilitation Act, and for retaliation should be dismissed. Likewise, Plaintiff has failed to submit any objections to the Report. In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). A review of the Report indicates that the Magistrate Judge correctly concluded that Defendant's motion to dismiss should be granted as to Plaintiff's claims for hostile work environment, discrimination under Title VII and the Rehabilitation Act, and for retaliation. Accordingly, those portions of the Report are adopted without objection.

Defendant does however assert two specific objections: (1) the Magistrate Judge erroneously recommended that Plaintiff's claims should be dismissed *without* prejudice; and (2) the Magistrate Judge was incorrect in concluding that the Amended Complaint states a claim for age discrimination under the ADEA. Defendant consequently requests that the Amended Complaint be dismissed with prejudice in its entirety.

Plaintiff alleges she was employed by Defendant from March 20, 2016, to February 23, 2018, at which time she was wrongfully terminated from her position as a nurse educator. In relevant part, the Report states:

> Like Title VII, the ADEA prohibits "an employer" from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623 (a)(1).

> ***
>
> Here, liberally construing the complaint, Plaintiff has alleged she is a member the relevant protected class and that younger nurse educators were not forced to work with an incompetent preceptor, even though Plaintiff also complained about the preceptor; they met with management more often than Plaintiff; and they were allowed to participate in various boards, conferences, and committees, although Plaintiff was not. Plaintiff alleges she had over 10 years' relevant experience and had more education, training, and competency checks compared to other nurses, and her supervisor falsified a performance evaluation, she was given a fact-finding investigation letter containing inaccurate information, was transferred, and eventually terminated[].
> Although a close question, these allegations state a claim of age discrimination that is plausible and not merely speculative.

(ECF No. 42, p. 13-14).

Defendant objects to this conclusion and avers that Plaintiff's claim for age discrimination should be dismissed because Plaintiff has failed to allege she suffered an adverse employment action because of her age. (ECF No. 47, p. 5). "An adverse action is one that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011)(citation omitted). Defendant avers that Plaintiff's complaints do not include "adverse employment actions" as she merely complains that:

> (1) Plaintiff had to sit in the hall for two or three weeks before she was assigned an office (ECF No. 21 at 8);
>
> (2) a nurse preceptor stopped meeting with Plaintiff and was working with "two new young white and black nurse educators" (ECF No. 21 at 8);
>
> (3) a doctor "met with the new young nurse educators regularly/weekly/ monthly [and met with Plaintiff] monthly almost 6 months into [Plaintiff's] job" (ECF No. 21 at 9); and

5

    (4) younger nurse educators were permitted to participate in the Institutional Review Board (ECF No. 21 at 9).

(ECF No. 47, p. 5).

Plaintiff also avers she was transferred and eventually terminated. Despite Defendant's objections, this court agrees that, although a close call, Plaintiff has stated a claim for age discrimination under the ADEA. When liberally construed in the light most favorable to Plaintiff, Defendant's actions, if true, of showing preferential treatment to younger nurse educators and allowing them additional opportunities such as participating in boards and committees, are akin to failing to promote Plaintiff in favor of the younger nurse educators. Thus, Defendant's objections on this point must be overruled and the motion to dismiss this particular claim is rightly denied.

Defendant's next objection avers that Plaintiff's claims should be dismissed with prejudice because Plaintiff has already had several opportunities to amend her complaint and further amendments would likely prove futile. "The question with respect to a dismissal with prejudice is often whether it appears that frivolous factual allegations could be remedied through more specific pleading." *Adams v. Rice*, 40 F.3d 72, 75 fn. (4th Cir. 1994). Although Plaintiff has amended her complaint in this action, there is no indication that Plaintiff's allegations are frivolous in nature. This is especially true considering the above conclusion that the Amended Complaint does state a claim for age discrimination. Thus, Defendant has failed to point to any error in the Magistrate Judge's Report that would warrant any amendment or modification. Accordingly, this objection is overruled as well.

## IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. (ECF No. 42). Accordingly, the court adopts the Report and Recommendation. Thus, Defendant's motion to dismiss (ECF No. 31) is granted in part and denied in part. Plaintiff's claim under the ADEA for age discrimination may proceed and all other claims are dismissed without prejudice. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

January 12, 2021                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge