IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carolyn Frances Covington,         )<br>                                                          )<br>                    Plaintiff,         )<br>                                                          )<br>          vs.                                          )<br>                                                          )<br>The Honorable Denis Richard McDonough, )<br>Secretary of Veteran Affairs,[1]         )<br>                                                          )<br>                    Defendant.        )<br>_____ ) | C.A. No.: 3:19-cv-03399-JD-SVH<br><br><br>**ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges ("Report" or "Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[2] (DE 101.)  Plaintiff Carolyn Frances Covington ("Covington" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, alleges she was discriminated against based on her age[3] in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq*. when she was not allowed to reorient her desk for her comfort, was denied the opportunity of improvement, and was ultimately terminated from her employment as a nurse educator with the William Jennings Bryan Dorn Veterans Affairs ("VA" or "VA Office").  (DE 21, p. 11.)

---

[1]     The Honorable Denis Richard McDonough, Secretary of Veteran Affairs ("Defendant" or "McDonough") became the Secretary of the Department of Veterans Affairs on February 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), McDonough is substituted as the Defendant in this matter.

[2]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[3]     Covington brought additional claims, including pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and Section 501 of the Rehabilitation Act of 1973, and for hostile work environment and retaliation, but these claims have been dismissed.  (See DE 66.)

1

McDonough filed a Motion for Summary Judgment based on Covington's failure to establish a prima facie case of age discrimination against the VA Office. (DE 81.) Covington filed a response in opposition to the Motion for Summary Judgment. (DE 93.) Defendant filed a reply. (DE 97.) Thereafter, the Magistrate Judge issued a Report recommending this Court grant Defendant's Motion for Summary Judgment because Covington "failed to show most of the complained-of actions were adverse employment actions, and for the adverse employment action at issue, her termination, she has failed to present any evidence of pretext." (DE 101 p. 13.) For the reasons stated below, the Court adopts the Report and Recommendation and grants Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff began her employment as a nurse educator with the VA on March 20, 2016. (DE 21, p. 8.) Covington's employment was subject to a two-year probationary period, and Covington was terminated during this period on February 28, 2018. (Id.) Covington alleges she was discriminated against in the following ways, among others – not being allowed to change the position of her desk for comfort and computer privacy (DE 21, p.11); VA management "did not meet with her during the beginning of employment" and "when they did it was after the new, young nurse educators [were] seen weekly" (DE 21, p. 11); she "was excluded from interdisciplinary teams and other scholarly committees compare[d] to the young nurse educators" and "was excluded from leadership conference committee" and "institution[al] review board" (DE 21, p. 10).

On June 9, 2017, Plaintiff was issued a proficiency report that covered the period from March 20, 2016 to May 1, 2017. (DE 81-6.) Plaintiff received a "satisfactory" proficiency rating; however, the report identified numerous areas in which Plaintiff needed to improve. For example:

Plaintiff had not "developed new competencies, revised existing competencies, nor checked off any staff on the competencies;" there had been "misunderstanding regarding the training of staff on patients," and Plaintiff had been informed that "VA staff do not use patients as training modes;" Plaintiff had "struggled with effective communication and collaboration [with] CLC Nursing Leadership;" and Plaintiff had "struggled to be viewed by staff, peers and CLC Nursing Leadership as one with [expert] knowledge." (Id.) Plaintiff alleges the June 9, 2017, proficiency report inaccurately states that she failed to check off nursing staff on competencies. (DE 21, p. 9.)

On August 10, 2017, Plaintiff was provided an interim proficiency report for the time period from May 2, 2017, to August 10, 2017. (DE 81-7.) Plaintiff again received a "satisfactory" rating, but the August proficiency report noted additional concerns reported by Linda Randel King ("King"), an associate nurse executive at the VA. (Id.) On June 29, 2017, King sent Covington's supervisor, Andrea Boyd ("Boyd") an email recommending that Plaintiff be relocated from the community living center to another area of the hospital. (DE 81-1.) King provided several reasons for her recommendation, including (1) Plaintiff's lack of clear communication with nursing leadership; (2) Plaintiff's lack of following clear direction when given; (3) staff's lack of confidence in Plaintiff's teaching; (4) Plaintiff's inability to teach to different educational levels of staff; (5) Plaintiff being rude to coworkers; and (6) Plaintiff's failure to be forthright when questioned about her actions. (Id.)

On July 20, 2017, Boyd relocated Plaintiff from the community living center to another area of the hospital where she would be responsible for "assisting the current Nurse Educator to perform General Education requirements for the Nursing Services." (DE 81-9.) Plaintiff was relocated while leadership "investigate[d] the allegations" made by King. (DE 81-1 at pp. 4–5.) Plaintiff's relocation did not change her supervision, her work hours, or her pay. (DE 81-9.)

3

On December 19, 2017, Plaintiff was notified that a Summary Review Professional Standards Board ("Board") would conduct a "summary review of [Plaintiff's] employment during [her] probationary period and made recommendations concerning [Plaintiff's] retention in, or separation from, the [VA]." (DE 81-10.) The notice identified seven alleged deficiencies in Plaintiff's conduct that resulted in the review, as follows:

> (1) Failure to complete nursing education; (2) Failure to follow clear guidance and direction from Nursing Leadership; (3) Significant challenges with interpersonal relationship skills with CLC Nursing Leadership and other key staff (i.e. stating one thing and doing another, defensiveness, not receptive to instructions or correction, inability to actively listen to others, making negative comments about others with staff in CLC, disrespect towards others and etc.); (4) Formal and informal Report of Contacts generated by professional colleagues (i.e. CLC Nursing Leadership, Education Peers, Vendors); (5) Lack of understanding of Patient Privacy and Integrity regarding Patient Care and Training; (6) Falsifying official VA documents; (7) Conduct unbecoming of a VA employee via repeatedly changing information and not being forthcoming in actual events in question.

(Id.) The notice invited Plaintiff to respond to the allegations against her and to attend the review, with or without counsel. (Id.)

The review took place on January 19, 2018. (DE 81-11.) Plaintiff attended the review and provided a written response to the Board. (DE 81-11, 81-12.) "After thorough review of all documentation" (DE 81-13, pp. 1–256), the Board found substantiated evidence on charges 1–4, but not the remaining charges. (DE 81-11, p. 3.) The Board found the evidence "illustrated that [Plaintiff] had professional conduct and performance issues even after [being provided] opportunities for improvement." (Id.) Based upon the findings, the Board unanimously recommended Plaintiff's separation from employment. Thereafter, David Omura ("Omura"), medical center director for the VA, reviewed the Board's recommendation that Plaintiff be removed during the probationary period, and Omura agreed with the Board's recommendation and

4

notified Plaintiff that she would be removed from her employment with the VA effective February 23, 2018. (DE 81-2.)

## DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Smith's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the Court address two of Covington's objections *seriatim*. Plaintiff appears to overlook the fact that the only claim pending before the Court is Plaintiff's age discrimination claim, since the Court previously dismissed all other claims

Plaintiff asserted. (See DE 66.) Similarly, Plaintiff argues she "did not receive due process so far in the courts and with the [VA]." (DE 119, p. 2.) The portions of Plaintiff's objection that address Plaintiff's race discrimination, harassment, hostile work environment, retaliation, and due process claims warrant no further consideration. Accordingly, those claims are not before the Court, and the Court overrules this objection without further discussion.

Second, Plaintiff argues additional documents should have been considered by the Magistrate Judge before issuing the Report and Recommendation and should be considered by this Court before ruling on the motion for summary judgment. (See DE 119, p. 30.) On March 16, 2022, after the entry of the Report, Plaintiff filed a Motion to Supplement the Record in order to add the referenced documents. (DE 104; 104-1.) The Court granted Plaintiff's motion. (DE 108.) The documents consist of (1) a Verification of Core Specific Competencies – Combined General Nursing Orientation Checklist, (2) a New Employee Nursing Orientation Schedule, (3) a Guide for Orientation of New Employees, and (4) an email from Andrea Boyd to Plaintiff dated April 18, 2016. (DE 104-1.) While Plaintiff complains she was prejudiced by the fact that the Magistrate Judge "did not use these . . . documents in her decision and summary recommendation," Plaintiff fails to explain how the documents support her age discrimination claim. Plaintiff has not articulated any way in which the documents support her prima facie case of age discrimination or serve as evidence that Defendant's reasons for taking the alleged adverse actions were pretextual. Accordingly, Plaintiff has not raised a factual or legal issue for the Court to review regarding Covington's ADEA claim.

Since the Report properly addressed the objections where warranted, and Covington merely rehashes previous statements and arguments and disagrees with the Report's analysis and conclusion, this Court overrules Covington's objections.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 81) is granted, and this action is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

August 8, 2022
Florence, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.